UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESCAPE ROOM LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:22-cv-00122-JMS-DLP |
| ) | |
| SMALL BUSINESS ADMINISTRATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

Plaintiff The Escape Room LLC ("Escape Room") has sued the Small Business Administration ("SBA") based on SBA's decision to deny Escape Room's application for a Shuttered Venue Operators Grant ("SVOG") under the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, 15 U.S.C. § 9009a. [ECF 1.] After the Complaint was filed, however, the SBA rescinded the decision. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's Complaint is moot and the Court lacks subject matter jurisdiction to hear this case. The Court must dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Escape Room is a business located in Indianapolis, Indiana. On August 21, 2021, Escape Room applied for a SVOG due to business losses it incurred during the Covid-19 pandemic. [ECF 1 ¶ 20.] The SBA denied the request and Escape Room filed an administrative appeal. [ECF 1 ¶ 23.] On November 13, 2021, the SBA denied Escape Room's appeal. [*Id.* ¶ 24.]

On January 14, 2022, Escape Room filed the instant lawsuit, challenging the SBA's decision under the Administrative Procedure Act, 5 U.S.C. § 702. According to Escape Room,

1

the SBA's decision and subsequent denial are not supported by sufficient reasons or evidence; are contrary to the evidence Escape Room presented in its application and other approvals granted by SBA; and are contrary to law. Escape Room seeks a ruling from this Court setting aside the SBA's November 13, 2021 decision as arbitrary and capricious and contrary to law under the APA. [ECF 1 at 8.]

On September 6, 2022, the SBA rescinded the November 13, 2021 final agency action being challenged in this lawsuit, in order to review the administrative record and correct the alleged deficiencies set forth in Escape Room's Complaint. [Ex. 1 (Sept. 9, 2022, SBA letter).] On September 9, 2022, the SBA issued a new, final agency decision, which provides more detailed explanations to Escape Room. [*Id.*] The new decision consists of approximately five pages of analysis and concludes that Escape Room is not eligible for a SVOG. [*Id.*]

## ARGUMENT

Plaintiff's Complaint must be dismissed.

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental question of whether a federal district court has subject-matter jurisdiction over the action before it. Fed. R. Civ. P. 12(b)(1); *see, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction;" here, that party is Escape Room. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (2012). Dismissal pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction includes dismissal on the basis of the justiciability doctrine of mootness, as mootness is an issue concerning the subject-matter jurisdiction of the federal courts. *See, e.g., County of Los Angeles*

*v. Davis*, 440 U.S. 625, 631 (1979) ("But jurisdiction, properly acquired, may abate if the case becomes moot[.]"); *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009) ("It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot."). "If subject matter jurisdiction is not evident on the face of the complaint, [then] the ... Rule 12(b)(1) [motion is] analyzed [like] any other motion to dismiss, by assuming for the purposes of the motion that the allegations in the complaint are true." *United Phosphorus*, 322 F.3d at 946 (7th Cir. 2003). But "if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, [then] the movant may use affidavits and other material to support the motion." *Id.*

Under Article III of the Constitution, this Court is without jurisdiction to entertain an action that has become moot for lack of a live case or controversy between the parties. *Honig v. Doe*, 484 U.S. 305 (1988) (Court may only adjudicate actual, ongoing controversies). It is well-settled that Article III of the Constitution requires that an actual "case or controversy" must exist, "not only at the date the action is initiated, but at every stage of the trial and appellate proceedings." *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 245 (7th Cir. 1986). This case or controversy must be "definite and concrete," *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)), and "a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) (*per curium*). Mootness has been defined as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence

3

(mootness)." *United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980) (citation omitted).

By its Complaint, the Plaintiff sought declaratory and injunctive relief only; that the Court set aside the SBA's November 13, 2021, final agency action. That decision has now been rescinded and there is no further relief that a favorable judicial decision in this action will provide the Plaintiff in this case.[1]

Indeed, under the APA, the district court is quite limited in the relief it may provide, even if it were to find that the grounds for the agency's action was inadequate. *Department of Homeland Security v. Regents of Univ. of Cal.*, 591 U. S. ——, 140 S.Ct. 1891 (2020). It may "remand for the agency to do one of two things." *Id*. at ——, 140 S.Ct., at 1907. "First, the agency can offer 'a fuller explanation of the agency's reasoning at the time of the agency action.'" *Id*. Alternatively, "the agency can 'deal with the problem afresh' by taking new agency action." *Id.* (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 201 (1947) (*Chenery II*)). "An agency taking this route is not limited to its prior reasons." *Regents*, 591 U. S., at ——, 140 S.Ct., at 1908.

Here, the decision being challenged no longer exists because it was rescinded. But even so, the SBA has taken one of the only actions it could be ordered by the Court to take on remand:

---

[1] The SBA took similar action in *The Escape Room North LLC v. Small Business Administration,* 1:22-cv-00123, which involves nearly identical claims to those raised in this case. The Escape Room North LLC sued the SBA after SBA denied its SVOG; arguing among other things that SBA failed to provide any reasoning for its decision. After reviewing the Complaint, SBA rescinded its initial decision and issued a new decision. The Escape Room agreed to stay SBA's obligation to answer the first Complaint; SBA agreed to allow Escape Room to file an Amended Complaint on the new decision; SBA answered the Amended Complaint; and the Parties agreed to a briefing schedule for cross motions for summary judgment. Case No. 1:22-cv-000123 [ECF 19 at 2.]

it has dealt with the problem afresh by taking new agency action. Nor is this a case where the agency's action is capable of repetition yet evading review. *County of Los Angeles*, 440 U.S. at 631. The action has been repeated because the SBA has issued a new decision. But that decision is capable of review. To the extent Escape Room wants to challenge the new decision, it may file a new Complaint or seek to amend its current Complaint. *See Citizens for Appropriate Rural Roads v. Foxx*, 14 F.Supp.3d 1217, 1230 (S.D. Ind. 2014) (holding a federal court must abjure decision on a question that intervening events have rendered moot, lest it run afoul of the judiciary's longstanding prohibition on rendering merely "advisory") (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)). Either way, the Court should not review the initial decision, which is no longer live.

      Based on the foregoing, the Defendants respectfully request that the Court dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction and for all other just and proper relief.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By:   *s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2022, a copy of the foregoing was filed electronically.   Service of this filing was made on all ECF-registered counsel by operation of the Court's electronic filing system.

*s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Case 1:22-cv-00122-JMS-DLP   Document 29   Filed 09/16/22   Page 7 of 7 PageID #: 132